UNITED STATES DISTRICT COURT
Central District of Illinois

Troy L. Hamilton, )
       Plaintiff, )
)
vs. ) Case No. 05- 3129
)
Springfield Metro Sanitary District, )
       Defendant. )

BRIEF IN SUPPORT OF

DEFENDANT'S MOTION TO DISMISS

The Springfield Metro Sanitary District, an Illinois unit of local government, by its attorneys Justin A. Reichert and Bruce Stratton, for its Brief in Support of its Motion to Dismiss the Plaintiff's Complaint says as follows:

### Nature of the Case

The Plaintiff had been employed by the Defendant until a random drug test disclosed the presence of cocaine in his system, at which time he was discharged. He thereafter made a complaint to the Equal Employment Opportunity Commission, claiming that his discharge was based upon his race (African-American). That claim was dismissed and Plaintiff was given a "right to sue" letter. He filed a complaint against the Defendant on June 6, 2005 in this Court. Plaintiff's complaint does not indicate when he received the "right to sue" letter.

### Argument

1. That pursuant to the provisions of 42 USC 2000-5 (f)(1), the Plaintiff had 90 days from his receipt of the "right to sue" letter issued to him by the Equal Employment Opportunity Commission, within which to file his action against the Defendant.

2. That the "right to sue" letter was issued by the EEOC on February 28, 2005, according to Plaintiff's Complaint.

3. That adding three days for the delivery of the letter as required by Rule 6 (e), the Plaintiff was required to file his Complaint herein by June 1, 2005. Rule 6(e) provides that "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party ... 3 days shall be added to the prescribed period."

4. That Plaintiff filed his complaint herein on June 6, 2005.

5. That the US Court of Appeals for the Fifth Circuit in the case entitled TAYLOR vs. BOOKS A MILLION, INC., 296 F 3d 376 (2002) in affirming the dismissal of a complaint in similar circumstances, said,

> Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC. *Nilsen v. City of Moss Point, Miss.,* 674 F.2d 379, 381 (5th Cir.1982) (citing 42 U.S.C. § 2000e-5(f)(1) (1994)). **This requirement to file a lawsuit within the ninety- day limitation period is strictly construed.** *See Ringgold v. National Maintenance Corp.,* 796 F.2d 769, 770 (5th Cir.1986); *Espinoza v. Missouri Pacific R.R. Co.,* 754 F.2d 1247, 1251 (5th Cir.1985). Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *See, e.g., Butler v. Orleans Parish School Board,* No. Civ. A. 00-0845, 2001 WL 1135616 (E.D.La. Sept.25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses). Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Dao,* 96 F.3d at 789. The district court held that Taylor's lawsuit, which was filed ninety-eight days after the EEOC *issued* him a right to sue letter, was untimely. Although Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is *received,* the district court erroneously determined that the operative date is the day the letter was issued. *Bunch v. Bullard,* 795 F.2d 384, 387-88 (5th Cir.1986) (holding that the ninety- day period within which a plaintiff has to file a claim against an employer begins to run, not when the right-to-sue letter is issued by the EEOC, but when the plaintiff received the letter). Nonetheless, we conclude that the district court properly dismissed Taylor's claims as untimely.
> Taylor alleged in his complaint that "[t]he EEOC issued a Right to Sue Letter on September 29, 2000 and this suit is filed within ninety (90) days of receipt of the Right to Sue Letter." Taylor, however, failed to state a specific date upon which he received the right-to-sue letter and his conclusory allegation that his complaint was filed timely is insufficient to preclude dismissal. Thus, as an initial matter, we must decide when the ninety-day period began to run.
>
> As this is a matter of first impression in this circuit, we look to other federal courts for guidance. When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed. *See Lozano v. Ashcroft,* 258 F.3d 1160, 1164 (10th Cir.2001); *see also Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (presuming the plaintiff received a right-to-sue letter three days after delivery based upon FED. R. CIV. P. 6(e)); [FN1] *Banks v. Rockwell Intern. N. Am. Aircraft Operations,* 855 F.2d 324, 326 (6th Cir.1988) (applying a five-day presumption of receipt of a right-to-sue letter). **Because Taylor has failed to allege the specific date for which he actually received the right-to-sue letter and the date the letter was received is unknown, we conclude that a presumption of receipt is appropriate.**
>
>     (Emphasis added)

3

6. That the US Court of Appeals for the Third Circuit, in SEITZINGER vs. READING HOSPITAL AND MEDICAL CENTER, 165 F3 236 (1999), in addressing the same issue said that,

> " When the actual date of receipt is known, that date controls. *Dixon v. Digital Equip. Corp.*, 1992 WL 245867, *1 (4th Cir.1992) (unpublished disposition); *Peete v. American Standard Graphic*, 885 F.2d 331 (6th Cir.1989). **However, in the absence of other evidence, courts will presume that a plaintiff received her right-to-sue letter three days after the EEOC mailed it.** *See* Fed.R.Civ.P. Rule 6(e); *Mosel*, 789 F.2d at 253 n. 2 (stating that the Supreme Court has suggested that Rule 6(e) applies when parties dispute the date of receipt). Rule 6(e)'s three-day presumption attempts to ensure that the plaintiff has the benefit of the full ninety-day period when the date of actual receipt is unknown.

    (Emphasis added)

## Conclusion

The Defendant Springfield Metro Sanitary District respectfully requests the dismissal of the Plaintiff's Complaint herein, for his failure to file it within the time limits required.

                                                    Springfield Metro Sanitary District

                                                    by _____
                                                          one of its attorneys

Justin A. Reichert (#6276768)
Bruce Stratton
Stratton, Giganti, Stone & Kopec
725 South Fourth St.
Springfield, Illinois 62703
217-528-2183