IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TROY L. HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3129 |
| | ) | |
| SPRINGFIELD METRO SANITARY DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Springfield Metro Sanitary District's Motion to Dismiss (d/e 6). Plaintiff Troy L. Hamilton filed this employment discrimination case against his former employer, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII). Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Hamilton's Complaint was not timely filed. For the reasons set forth below, the Motion to Dismiss is denied.

Hamilton filed a Motion for Leave to Proceed in Forma Pauperis (d/e 1) (IFP Request) and a Motion to Appoint Counsel (d/e 2) on May 26,

1

2005. Hamilton also presented a copy of his Complaint, which was docketed as an attachment to his IFP Request. These documents were electronically filed by the Clerk of the Court on May 31, 2005. The Court ruled on the motions by text order, dated June 3, 2005. The Court allowed Hamilton's IFP Request, but denied his Motion to Appoint Counsel. The Court directed the Clerk to file Plaintiff's Complaint (d/e 3), which the Clerk did on June 6, 2005.

Defendant moves to dismiss Hamilton's Complaint as untimely under 42 U.S.C. § 2000e-5(f)(1). A Title VII plaintiff must file suit within 90 days after receiving a right to sue letter from the Equal Employment Opportunity Commission. Williams-Guice v. Bd. of Educ. of City of Chicago, 45 F.3d 161, 163 (7th Cir. 1995); 42 U.S.C. § 2000e-5(f)(1). This statute of limitations is not jurisdictional, however. Williams-Guice, 45 F.3d at 165. In the present case, Hamilton's Complaint does not allege the date on which he received his right to sue letter, but states that the right to sue letter was issued February 28, 2005. Complaint, p. 2. In his Response to Motion to Dismiss (d/e 9), Hamilton asserts that he received the right to sue letter on March 3, 2005. In that case, he would have until June 1, 2005, to file his Complaint. June 1, 2005, is also the date proffered by

2

Defendant as Hamilton's last day to file his Complaint. <u>Motion to Dismiss</u>, Attachment 1, <u>Brief in Support of Defendant's Motion to Dismiss</u> (Defendant's Brief), p. 3, ¶ 3.

The statute of limitations in a suit based on federal law stops running when the complaint is filed. <u>Robinson v. Doe</u>, 272 F.3d 921, 922 (7th Cir. 2001). Defendant asserts that Hamilton's Complaint was filed June 6, 2005. <u>Defendant's Brief</u>, p. 3, ¶ 4. However, in cases such as this, the Seventh Circuit has recognized, "[t]he complaint is 'filed' for purposes of [the statute of limitations] when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like . . . ." <u>Robinson</u>, 272 F.3d at 922-23; <u>see</u> <u>also</u> <u>Gilardi v. Schroeder</u>, 833 F.2d 1226, 1233 (7th Cir. 1987). The Seventh Circuit, in <u>dicta</u>, has characterized the holding that "the receipt of the complaint by the clerk suffices, at least when the judge ultimately permits the plaintiff to proceed IFP" as a "clear rule." <u>Williams-Guice</u>, 45 F.3d at 162.

In the present case, the Clerk received Hamilton's Complaint on May 26, 2005, along with his IFP request. This Court allowed his IFP request on June 3, 2005. Therefore, it is clear that, for statute of limitations purposes, Hamilton's Complaint was filed May 26, 2005. His suit is timely

3

under 42 U.S.C. § 2000e-5(f)(1). The out-of-circuit cases relied upon by Defendant do not address IFP situations and are inapposite. Defendant's Motion to Dismiss (d/e 6) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: July 19, 2005.

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE