**E-FILED**
Wednesday, 27 July, 2005 05:37:24 PM
Clerk, U.S. District Court, ILCD

**FILED**

**UNITED STATES DISTRICT COURT**
**Central District of Illinois**

JUL 2 7 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Troy L. Hamilton,                     )
                    Plaintiff,        )
                                      )
            vs.                       )        Case No. 05-3129
                                      )
Springfield Metro Sanitary District,  )
                    Defendant.        )

## ANSWER TO PLAINTIFF'S PRO SE COMPLAINT

NOW COMES Defendant, SPRINGFIELD METRO SANITARY DISTRICT, by and through its attorneys, Stratton, Giganti, Stone & Kopec, and for its Answer to Plaintiff's Complaint brought by Plaintiff, TROY L. HAMILTON, states as follows:

I.    A.    Defendant admits the allegation set forth in paragraph I.A. of Plaintiff's Complaint.

B.    1.    Defendant denies the allegation set forth in paragraph I.B.1. of Plaintiff's Complaint, and affirmatively states that the Petitioner was Troy L. Hamilton, the Respondent was the Springfield Metro Sanitary District, and that Norton Nedoss and Regina Husar were not parties to the proceeding but were EEOC investigators assigned to the case.

2.    Defendant admits the allegation set forth in paragraph I.B.2. of Plaintiff's Complaint.

3.    Defendant admits the allegation set forth in paragraph I.B.3. of Plaintiff's Complaint.

4.    Defendant admits the allegation set forth in paragraph I.B.4. of Plaintiff's Complaint, and states further that Plaintiff was issued a notice of dismissal as part of the notice of right to sue.

5.    Defendant admits the allegation set forth in paragraph I.B.5. of Plaintiff's Complaint.

6.    Defendant denies the allegation set forth in paragraph I.B.6. of Plaintiff's Complaint, and states that the date of filing the charge before the EEOC was 10/18/04.

1

7. Defendant admits the allegation set forth in paragraph I.B.7. of Plaintiff's Complaint.

C. No allegation is set forth in paragraph I.C. of Plaintiff's Complaint, therefore Defendant is unable to respond.

II. A. Defendant admits the allegation set forth in paragraph II.A. of Plaintiff's Complaint.

B. No allegations are set forth in paragraph II.B.1-7. of Plaintiff's Complaint, therefore Defendant is unable to respond.

C. Defendant admits the allegation set forth in paragraph II.C. of Plaintiff's Complaint.

III. A. 1. Defendant admits the allegation set forth in paragraph III.A.1. of Plaintiff's Complaint.

2. Defendant admits the allegation set forth in paragraph III.A.2. of Plaintiff's Complaint.

3. Defendant admits the allegation set forth in paragraph III.A.3. of Plaintiff's Complaint.

B. Defendant admits the allegation set forth in paragraph III.B. of Plaintiff's Complaint.

C. 1. Defendant admits the allegation set forth in paragraph III.C.1. of Plaintiff's Complaint.

2. Defendant admits the allegation set forth in paragraph III.C.2. of Plaintiff's Complaint.

3. Defendant admits the allegation set forth in paragraph III.C.3. of Plaintiff's Complaint.

4. Defendant admits the allegation set forth in paragraph III.C.4. of Plaintiff's Complaint.

5. No allegation is set forth in paragraph III.C.5. of Plaintiff's Complaint, therefore Defendant is unable to respond.

D. Defendant admits the allegation set forth in paragraph III.D. of Plaintiff's Complaint.

IV. A. Defendant admits the allegation set forth in paragraph IV.A. of Plaintiff's

2

Complaint.

B.      No allegations are set forth in paragraph IV.B. of Plaintiff's Complaint, therefore Defendant is unable to respond. However, Plaintiff has attached a statement to the Complaint and, therefore, Defendant responds to the attached statement as follows:

## United States District Court

Defendant admits that Plaintiff has filed a discrimination and harassment in a hostile work environment charge against Springfield Metro Sanitary Dist., Director, Andy Alvey and his former immediate supervisor, Ron Nyberg.

Defendant admits that Plaintiff was terminated for failing a drug screen test, which Plaintiff provided a copy of that states it was a random drug test.

Defendant admits that on the morning of March 9, 2004, Plaintiff was approached by supervisor Ron Nyberg at the SMSD 8th St. plant where Plaintiff was at the back of the plant weed eating around the pond when Nyberg called Plaintiff up the hill and told Plaintiff to come on up to take a drug test.

Defendant admits that Plaintiff got into Nyberg's truck.

Defendant denies that Nyberg told Plaintiff that this was not a random test that this was a scheduled drug test.

Defendant admits that Plaintiff (as are all employees in the bargaining unit) is in the Midwest Trucking Lottery of 28,000 CDL Drivers (the random drug testing program administered by the Midwest Trucking Association).

Defendant admits that Plaintiff completed a scheduled pre-employment drug test on 9/19/03 and was then placed in the random lottery.

Defendant denies (again) that Nyberg told Plaintiff that this was a scheduled drug test.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff knows that Nyberg will deny anything, and would require strict proof thereof.

Defendant admits that two employees from the same plant number came up randomly at same time for drug testing.

Defendant denies that Plaintiff was randomly picked for a drug test two to three days prior to the beginning or end of Plaintiff's extended 60-day probation.

3

Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every one of the following allegations in Plaintiff's statement, and would require strict proof thereof: "I spoke to Dr. Mcclean over the phone he told me they traced cocaine in my urine and I replied to him I can't understand how because I am not a cocaine user. At that time Dr. Mcclean asked me was I on any medication and I said yes, I was taking Tylenol 3 with codeine. He asked have I been out at any clubs and I said yes and he said maybe it was slipped to you with you not knowing but we traced cocaine in your urine and we will have to inform your employer."

Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every one of the following allegations in Plaintiff's statement, and would require strict proof thereof: "Now I searched back in my mind on the night of the fund-raiser I attended and the clubs I went to downtown Springfield on 3/05/04, which was a Friday, and I had few drinks and I asked a young lady for a cigarette and she gave me one and I was smoking it and noticed a funny taste on it and I replied to her that this cigarette tastes funny and so I put the cigarette out, what she gave me was a cigarette that was laced by accident."

Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every one of the following allegations in Plaintiff's statement, and would require strict proof thereof: "Now yes it was a accident, but I feel and my Union Stewards, Larry Kilwy and Dan Paoni feel I shouldn't of been terminated without having a chance to seek rehabilitation treatment."

Defendant admits that Plaintiff and Mr. Kilwy went into the office and talked with Andy Alvey and Plaintiff explained to Mr. Alvey that Plaintiff was not a cocaine user or abuser that it was slipped to Plaintiff in a cigarette and that Plaintiff doesn't want to loose his job over something he didn't do.

Defendant admits that Plaintiff told Mr. Alvey that Plaintiff would take another drug test or rehab or whatever Plaintiff had to do to keep his job.

Defendant admits that Mr. Alvey replied to Plaintiff that we will see how Plaintiff's 2nd specimen of urine turned out, if it comes back negative or positive.

Defendant admits that Plaintiff replied to Mr. Alvey that if the first one came out positive, so will the second one, it's the same urine.

Defendant admits Andy Alvey replied that when the 2nd specimen comes back Mr. Alvey, Plaintiff, and Mr. Kilwy would sit down and talk about what to do about the situation.

Defendant admits that when Plaintiff's split urine sample came back, Mr. Alvey on

4

March 26, 2004 called Plaintiff into the office, without Larry Kilwy, but Dan Paoni, Chuck McCoy, and Ron Nyberg were present.

Defendant admits that Mr. Alvey then did not talk to Plaintiff about the situation, but fired Plaintiff.

Defendant denies that Mr. Alvey fired Plaintiff like he was "a piece of black trash".

Defendant admits that Dan Paoni asked Mr. Alvey if Plaintiff could go to rehab since this was Plaintiff's first time.

Defendant admits that Mr. Alvey told him no.

Defendant has insufficient knowledge to determine the truth or falsity of each and every one of the following allegations in Plaintiff's statement, and would require strict proof thereof: "Chuck Mycoy said to me that I should have come forth and said I had a drug problem and I replied to Chuck I do not have a drug problem and I'm not a cocaine user it was slipped to me in a cigarette by accident."

Defendant admits that Rusty Thompson is the business agent for the Operating Engineers Local 399 and that union dues were $41.00 per month, but Defendant has insufficient knowledge to determine the truth or falsity of each and every other of the following allegations in Plaintiff's statement, and would require strict proof thereof: "Now what I don't understand before my termination I went to my B.A in my Local Union 399 Rusty Thompson about my situation and he told me there's nothing they can do for me. Now here I'm paying $41.00 a month in Union dues and this what my B.A in my Union tells me that my union can't do nothing for me so why I'm paying union dues, if I can't get help from my union why cause its color of my skin that I'm a black man." Defendant admits that a white, male employee named Pat Freidmeyer was an alcoholic.

Defendant states affirmatively that prior to checking himself into rehab and notifying Defendant, Defendant was unaware of Mr. Freidmeyer's alcoholism.

Defendant denies that Mr. Freidmeyer was allowed three chances to go to rehab, and affirmatively states that Mr. Freidmeyer chose to go to rehab of his own volition.

Defendant admits that Mr. Freidmeyer completed his classes and rehabilitation, and was demoted to janitor for 60 days, and at the end of the 60 day period Mr. Freidmeyer was given his position back as a relief operator.

Defendant denies that Plaintiff wasn't given the same chances, and states affirmatively

5

that Mr. Freidmeyer's circumstances did not include testing positive in a drug test.

Defendant denies that Plaintiff has never been disciplined.

Defendant admits that Plaintiff has never been questioned about any drug use or alcohol abuse.

Defendant admits that Plaintiff was not given the opportunity to go to rehab and stay employed.

Defendant admits that Mr. Freidmeyer was allowed stay employed after checking himself into a rehabilitation program.

Defendant admits that Mr. Alvey spoke of zero tolerance, and affirmatively states that zero tolerance is the policy with regards to testing positive in a drug test.

Defendant denies that any rules are applied on the basis of race or skin color.

## Attention United States District Court

Defendant admits that Plaintiff attached to his Complaint an Evaluation Report that was given to Andy Alvey Direct Engineer of SMSD by Ron Nyberg, Plaintiff's immediate supervisor, and that the Evaluation Report is not produced on a form of the SMSD.

Defendant denies that the evaluation is nothing, hearsay, racial, discrimination, and harassment.

Defendant admits that Plaintiff was put on a 60-day extended probation after the evaluation.

Defendant denies that such was wrong and that Mr. Alvey should not have given Plaintiff his evaluation of his 90 day probation period.

Defendant admits that Mr. Alvey was not "out there everyday on the job site" with Plaintiff.

Defendant admits that Plaintiff's immediate supervisor, Mr. Nyberg, was on the job daily with Plaintiff.

Defendant denies that Mr. Nyberg is writing false accusations about Plaintiff.

Defendant admits that in the evaluation a lot of things are reported about Plaintiff.

Defendant denies that the evaluation reports things that Plaintiff did not do and things that Plaintiff did not say.

Defendant admits that Plaintiff was the only African American on this Labor gang.

6

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff did not have any problems with his co-workers.

Defendant admits that Plaintiff attached copies of a written statement from Jim Garrison dated 8/7/03.

Defendant denies that Mr. Garrison's written statement dated 8/7/03 states that it was not Plaintiff that told Mr. Garrison to get somebody else to go down in the tank.

Defendant admits that on the front page of the evaluation report created by Mr. Nyberg, under the date 8/7/03, Mr. Nyberg accused Plaintiff of telling Mr. Garrison to have someone else work in the tank.

Defendant denies that Mr. Nyberg knew that Plaintiff did not make such a statement.

Defendant denies that Mr. Nyberg knew that employee Chris Ray did make such a statement.

Defendant admits that Mr. Ray is white.

Defendant denies that Mr. Alvey accused Plaintiff of making such a statement when it's in writing that Plaintiff did not make such a statement.

Defendant admits that during Plaintiff's evaluation Dan Paoni was present.

Defendant admits that after the evaluation Mr. Paoni told Plaintiff that "that was not right" and "what kinda evaluation was that".

Defendant denies that Mr. Alvey told Plaintiff, "let's go on Thanksgiving Break and I will think about what I'm going to do to you."

Defendant admits that Plaintiff attached to his Complaint an evaluation form of SMSD which was given to Plaintiff by his then supervisor Jerry Miller when Plaintiff was a janitor.

Defendant admits that when Plaintiff was on a 6 month probation as a janitor that Mr. Miller gave him his first evaluation at 3 months into his employment and the second evaluation at 6 months.

Defendant admits that Plaintiff read both evaluations, signed off on them, and made comments.

Defendant admits that the evaluations done by Mr. Garrison were handled professionally.

Defendant admits that the evaluation prepared by Mr. Nyberg was not prepared on a form.

Defendant denies that Mr. Nyberg's evaluation report is racial discrimination and

7

harassment.

Defendant denies that Plaintiff has never seen this evaluation report or the paper that Jim Garrison wrote or copies of Plaintiff's drug/alcohol test.

Defendant denies that Defendant did not show Plaintiff the evaluation report from Mr. Nyberg and the paper that Mr. Garrison wrote.

Defendant admits that Defendant did not show Plaintiff the drug test results, but states affirmatively that Plaintiff reported those results to Plaintiff and Plaintiff never asked to see those results.

Defendant admits that Plaintiff would have had the right to see the drug test results upon asking.

Defendant denies violating Plaintiff's rights under the Civil Rights Act of 1964.

V.    WHEREFORE, Defendant, Springfield Metro Sanitary District, prays for relief in this matter in the form of dismissal of Plaintiff's, Troy L. Hamilton's, claims against Defendant with prejudice, awarding costs of suit and any further relief this court deems fair and equitable to Defendant, including Defendant's reasonable attorney fees.

## DEFENDANT DEMANDS TRIAL BY JURY

Respectfully submitted,

Springfield Metro Sanitary District, Defendant,

By:    Justin A. Reichert

STRATTON, GIGANTI, STONE & KOPEC
Justin A. Reichert

Justin A. Reichert (#6276768)
Bruce Stratton
STRATTON, GIGANTI, STONE & KOPEC
725 South Fourth Street
Springfield, IL 62703
217/528-2183

8

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P. 5(b), the undersigned certifies that service of the foregoing

**ANSWER** was made by mailing a true and correct copy thereof in a sealed envelope, postage

fully to:

Troy L. Hamilton
1327 Dennison Dr., Apt. C
Springfield, Illinois 62704

by placing same in the regular United States Mail, and by placing same in Certified U.S. Mail,
this 27th day of July, 2005.

9