IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TROY L. HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-3129 |
| ) | |
| SPRINGFIELD METRO SANITARY ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Springfield Metro Sanitary District's Motion for Summary Judgment (d/e 24). Plaintiff Troy L. Hamilton filed this employment discrimination case against his former employer, Springfield Metro Sanitary District (the District), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII). As set forth below, the District's Motion for Summary Judgment is allowed.

BACKGROUND

Hamilton filed a pro se Complaint (d/e 3), asserting that his

1

employment was wrongfully terminated based on his race and that he was subjected to a hostile work environment. Attorney Ralph Williams entered his appearance on Hamilton's behalf on September 15, 2005. Defendant filed the pending Motion for Summary Judgment on May 1, 2006. Plaintiff failed to respond in the time allowed by Local Rule 7.1(D)(2). By Text Order dated May 25, 2006, this Court granted Plaintiff leave to file a response on or before June 1, 2006. The Court cautioned Plaintiff that, if no response was filed by the extended deadline, the Court would nevertheless proceed to rule on the Motion. Despite the extension, Plaintiff has failed to respond. It is in this posture that the Court turns to the merits of the pending Motion.

    The evidence before the Court shows that Hamilton began employment with the District on August 13, 2001, as a janitor. In July 2003, Hamilton was promoted into a Relief Operator position with the District. As a Relief Operator, Hamilton was required to maintain a Commercial Driver's License (CDL). The Relief Operator position fell under the District's Drug and Alcohol Abuse Policy. Hamilton was provided with a copy of this Policy in September 2003. Hamilton underwent a urine test on September 19, 2003, in connection with his

promotion. The urine specimen tested negative for the presence of five specific categories of controlled substances.

The District's Drug and Alcohol Abuse Policy expressly states that a violation of the Policy would result in termination. Employees who fall under the Policy are subject to random drug and alcohol testing. The District conducts its testing in conjunction with the Midwest Truckers Association (MTA). MTA maintains a database of CDL holders and utilizes a computer system that randomly selects CDL holders for drug testing. When a CDL holder is selected for testing, MTA contacts the CDL holder's employer by letter, informing the employer that the CDL holder needs to be drug tested within 30 days.

Upon promotion to the Relief Operator position, Hamilton was subject to a probation period of 90 working days under the Collective Bargaining Agreement between the District and Hamilton's union, Local 399 of the International Union of Operating Engineers. Toward the end of the 90-day probation period, Hamilton's performance was evaluated by his supervisor, Ron Nyberg. Nyberg prepared a written evaluation of Hamilton, indicating that Hamilton's performance was lacking or below average standards for the District. Based in part on this evaluation, the District

decided to extend Hamilton's probation period for another 60 working days. An extension of this type is allowed, at the option of management, under the applicable Collective Bargaining Agreement.

According to Robert Alvey, the Director/Engineer of the District, Hamilton's performance improved during the extended probation period. Alvey described Hamilton's performance as of March 2004 as "adequate." Deposition of Robert Andrew Alvey (d/e 25), p. 25. The District received a Random Drug and/or Alcohol Test Notice from MTA in early March 2004. The Notice stated that Hamilton and another employee, James Ray, had been selected to be randomly tested for drugs. The Notice stated that the drug tests must be performed before the end of March 2004. In compliance with the Notice, a urine specimen was collected from Hamilton on March 9, 2004. A split sample of this specimen was tested, and it tested positive for cocaine.

District administration informed Hamilton and Hamilton's union representative of the results of the drug test. Hamilton requested that the remaining portion of the split sample be tested. The District complied. The second sample also tested positive for cocaine. When Alvey received notice of the second test results, he called Hamilton and the union representative

into his office. Alvey informed Hamilton that his employment with the District was terminated, effective March 26, 2004, based on the fact that he had tested positive for cocaine. Hamilton's position was filled by a Caucasian employee who was next in seniority under the applicable Collective Bargaining Agreement. According to Alvey, Hamilton is the only District employee who has ever tested positive for controlled substances under the Drug and Alcohol Abuse Policy.

Hamilton filed a charge of discrimination with the Equal Employment Opportunities Commission and was issued a Right to Sue Letter dated February 28, 2005. Hamilton then filed his Complaint in the instant lawsuit. Under a broad reading, Hamilton's pro se Complaint asserts that the District violated Title VII by wrongfully terminating Hamilton's employment based on his race and by subjecting Hamilton to a hostile work environment.

## ANALYSIS

The District asserts that it is entitled to summary judgment on all of Hamilton's claims. Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact and that judgment as a matter of law is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). When a properly supported motion for summary judgment has been made, the party opposing summary judgment may not merely rest on the pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "A party must present more than mere speculation or conjecture to defeat a summary judgment motion." Liu v. T & H Machine, Inc., 191 F.3d 790, 796 (7th Cir. 1999). The Court must consider the evidence in the light most favorable to the non-moving party, here Hamilton, and draw all reasonable inferences in his favor. See Anderson, 477 U.S. at 255.

Under Title VII, "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of

such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Courts have recognized that Title VII also prohibits employers from "requiring people to work in a discriminatorily hostile or abusive environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993); Shanoff v. Ill. Dept. of Human Servs., 258 F.3d 696, 701 (7th Cir. 2001). As previously noted, under a broad reading, Hamilton's pro se Complaint asserts that the District violated Title VII by subjecting Hamilton to a hostile work environment and by wrongfully terminating Hamilton's employment based on his race. As set forth below, the Court finds that the District is entitled to summary judgment on each of these claims.

The Court turns first to the hostile work environment claim. The Court notes that while Hamilton's pro se Complaint references a Title VII claim arising out of a hostile work environment, Hamilton has not identified any evidence that could support such a claim. In fact, Defendant presented Hamilton with an interrogatory asking him to "describe in detail any instances during your employment with the Springfield Metro Sanitary District that you believe support your claim that you were discriminated against based on your race." Memorandum in Support of Defendant's Motion for Summary Judgment, Ex. 13, Interrogatories, ¶ 20. Plaintiff

replied as follows: "Less senior and inexperienced white employee became relief operator and I was removed from position." Id., Ex. 14, Plaintiff's Response to Interrogatories, ¶ 20. Moreover, a review of the record reveals no evidence that would be sufficient to support a hostile work environment claim. Thus, to the extent Hamilton raises a hostile work environment claim, the Court finds that no genuine issue of material fact exists and the District is entitled to judgment as a matter of law on this claim.

The Court turns to an analysis of Hamilton's claim of discrimination based on his termination. To prevail, Hamilton must: (1) present direct evidence of discriminatory motive or intent or (2) rely on the indirect burden-shifting method outlined by the Supreme Court in McDonnell Douglas Corp. v. Green. Bio v. Federal Express Corp., 424 F.3d 593, 596 (7th Cir. 2005) (citing McDonnell Douglas, 411 U.S. 792 (1973)). The record is devoid of direct evidence of discriminatory motive or intent, and the Court, therefore, turns to an analysis of his claim under the McDonnell Douglas method.

To establish a prima facie case of discrimination under the McDonnell Douglas approach, Hamilton:

>must present evidence that, if believed by the trier of fact, would

> show: (1) he was a member of a protected class; (2) his performance met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees who are in a different class. If a plaintiff meets this burden, the defendant has the opportunity to articulate a legitimate nondiscriminatory reason for its action; if it does so, the burden shifts back to the plaintiff to show that this reason is pretextual. The failure to establish any one of the initial four elements defeats a discrimination claim.

Bio, 424 F.3d at 596 (internal citations omitted).

The District concedes that Hamilton is able to establish the first three elements of his prima facie case. Viewing the evidence in the light most favorable to Hamilton, the Court accepts this concession, although the Court questions whether Hamilton was meeting his employer's legitimate expectations when he failed the random drug test. With respect to the first and third element, it is clear that Hamilton, an African-American, is a member of a protected class and that he suffered an adverse employment action when his employment was terminated. However, the record is devoid of evidence that could support a finding on the fourth prong of the prima facie case, i.e. that Hamilton was treated less favorably than similarly-situated employees of a different class. The record evidence shows that Hamilton was subjected to the same random drug testing as all other

District employees holding a CDL.  Moreover, the record contains no evidence of a similarly-situated employee who failed a drug test who was treated differently.  Indeed, Alvey testified that Hamilton is the only District employee who has ever failed a drug test.  With regard to the extension of his probation period, even assuming Hamilton was meeting the District's legitimate expectations at the time the decision to extend was made, Hamilton fails to identify any similarly-situated employee who was treated more favorably.  Thus, Hamilton cannot establish the fourth prong of his requisite prima facie case, and the District is entitled to summary judgment on this claim as well.

In the alternative, assuming Hamilton were able to establish his prima facie case, the Court finds that the District has articulated legitimate nondiscriminatory reasons for its actions and that Hamilton has failed to show that these proffered reasons are pretextual.  The District extended Hamilton's probationary period, as allowed under the applicable Collective Bargaining Agreement, based on the fact that his performance was deemed to be lacking or below average.  The District reasonably subjects all CDL holder employees to random drug tests.  The District ordered Hamilton to submit to a drug test when it was notified by its third-party administrator,

MTA, that his name had been randomly selected for testing. The District terminated Hamilton's employment based on the fact that he tested positive for cocaine. This was the standard procedure under the District's Drug and Alcohol Abuse Policy. Hamilton fails to identify any evidence that would tend to undermine these proffered reasons. Thus, the District would be entitled to summary judgment on this basis as well.

THEREFORE, Defendant Springfield Metro Sanitary District's Motion for Summary Judgment (d/e 24) is ALLOWED. Judgment is entered in favor of Springfield Metro Sanitary District and against Plaintiff Troy Hamilton. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: June 8, 2006.

    FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE